BURTON JARVIS v. EMILY J. FOX, IMPLEADED WITH
LEANDER P. FOX.

*Mortgage—Husband and wife—Interest.*

Where a wife joins with her husband in a deed of their home-
stead, the title to which is in the husband, for the purpose of
securing a loan, and commits to her husband the matter of
the conditions of the bond for a reconveyance, she will not be
allowed to avail herself of such defeasance, and at the same
time repudiate a condition thereof so usual as the annual pay-
ment of interest on the loan.

Appeal from Berrien. (O'Hara, J.) Argued January
15, 1892. Decided January 22, 1892.

Bill to declare a deed a mortgage, and to foreclose the
same. Defendant appeals. Affirmed. The facts are
stated in the opinion.

*Alison C. Roe* and *William J. Gilbert,* for complainant.

*George S. Clapp,* for defendant, contended:

1. It is the duty of the court to assume that when a deed, and a
bond or note for the payment of money, are concurrent, the
transaction is a mortgage to secure the debt evidenced by the
bond or note according to its terms; citing *Swetland v. Swet-
land,* 3 Mich. 487; *McMillan v. Bissell,* 63 Id. 69, and cases
cited.

2. The defeasance need not be in writing. It is enough that the
proof, either oral or otherwise, shows that the deed was made
to secure a debt; citing *Wadsworth v. Loranger,* Har. Ch. 113;
*Fuller v. Parrish,* 3 Mich. 211; *Emerson v. Atwater,* 7 Id. 22;
*Barber v. Milner,* 43 Id. 248; *Ferris v. Wilcox,* 51 Id. 105; and
the mortgagee is not entitled to possession until foreclosure; cit-
ing How. Stat. § 7847; *Wagar v. Stone,* 36 Mich. 366, 367;
*Hazeltine v. Granger,* 44 Id. 505; *Ferris v. Wilcox,* 51 Id. 105.

3. If complainant has a right in a court of equity to dispossess
Mrs. Fox in advance of the maturity of the debt, it can be
found only in the lease paper signed by Mr. Fox, which would

be in effect enforcing a forfeiture; citing *Wilcox v. Allen*, 36 Mich. 169.

4. There is no oral proof that she knew that such a paper was ever made, and the proof to the contrary is emphatic. All she did was to sign, and thus validate, her husband's deed of the homestead, and this is all that will be presumed; citing *Kitchell v. Mudgett*, 37 Mich. 85; *Gantz v. Toles*, 40 Id. 728; *Machine Co. v. Mitchell*, 74 Id. 685; and she is not a party to nor personally liable on any of the papers executed when the deed was made; citing *Kitchell v. Mudgett*, 37 Mich. 85; *Insurance Co. v. McClellan*, 43 Id. 565; and there can be no presumption of a husband's authority to act for his wife, and a person seeking to hold her for acts done by another must show affirmatively full authority to bind her; citing *Fechheimer v. Peirce*, 70 Mich. 441; *Bank v. Gilchrist*, 83 Id. 255; nor is there any presumption of the validity of such an undertaking, whether negotiable or not, and proof must always be given of such a consideration as will bind her; citing *Insurance Co. v. McClellan*, 43 Mich. 565.

McGRATH, J. On February 2, 1888, defendants, as husband and wife, executed and delivered to complainant a warranty deed of certain premises, the title to which was at the time in Leander P. Fox, and which was occupied and continued to be occupied by defendants as a homestead. The consideration named in the deed was $4,000. Complainant delivered back to Leander P. Fox a bond for a deed, the condition of which is as follows:

"That if the said Leander P. Fox shall, by himself, his heirs, executors, administrators, or ass'gns, pay, or cause to be paid, to the said Burton Jarvis, the sum of four thousand dollars, and the interest thereon, at the rate of seven per cent. per annum, according to a certain agreement this day made and entered into by and between the said Jarvis and Fox, then the said Jarvis agrees to make and deliver unto the said Fox a good and sufficient deed" of the land so conveyed.

Defendant L. P. Fox executed and delivered to complainant two papers, which are as follows:

"BUCHANAN, MICH., Feby. 2, 1888.
"An article of agreement this day entered into, by and

between Leander P. Fox, of Buchanan, Michigan, and Burton Jarvis, of Niles, Michigan, to wit:

"This is to certify that I, L. P. Fox, have this day sold and conveyed to said Jarvis my brick house and lot, being lot No. 3, in block 15, in Ross and Alexander's addition to Buchanan; and I hereby rent and lease the above-described premises for the sum of $280 a year, payable on the first day of January, 1889, and on the first day of January each succeeding year thereafter, and also agree to pay the taxes and insurance thereon. And, in case said Fox shall refuse or neglect to pay the above rent, taxes, or insurance at the time specified, he hereby agrees to vacate or deliver up to said Jarvis the above premises immediately, without due process of law.                                             L. P. Fox."

"$4,000.                    BUCHANAN, January 1, 1888.
"On or before five years from date, I promise to pay Burton Jarvis or order four thousand dollars, with interest at seven per cent., for value received.
                                             "L. P. Fox."

This note was executed after the execution of the other papers, at complainant's request, in order that he might have evidence of the principal indebtedness, and was dated back to January 1, 1888, for the reason that the indebtedness originated at that time.

The bill of complaint was filed in August, 1890, and sets forth that the interest has not been paid as agreed; that complainant has been compelled to pay the taxes upon the property and the insurance upon the buildings; that there is unpaid of said indebtedness over $400; and prays that the deed aforesaid may be decreed to be a mortgage; that the principal sum named may be declared to be due; that Leander P. Fox may be decreed to pay the amount due, and, in default of such payment, that the premises may be sold.

Defendants admit the execution of the deed, and that the deed was given to secure the payment of the sum of $4,000, but insist that, by the terms of the note and

bond, the interest is not due or payable until the expiration of the five years, and deny that there was any agreement that, on failure to pay the interest, taxes, or insurance, the principal sum should become due and payable.

The court below found:

"1. That said mortgage secures an indebtedness of $4,-000 due from the said Leander P. Fox to the said complainant, and payable within five years from January 1, 1888, with interest at the rate of seven per centum, payable annually, and that there is now due and unpaid upon said mortgage, for interest, the sum of three hundred and sixty-five dollars and fifty-eight cents ($365.58), interest having been paid upon said mortgage up to the 1st day of October, 1889.

"2. That there is yet to become due on said mortgage the sum of $4,000, with seven per cent. interest thereon from January 1, 1891, payable annually, and that the said Leander P. Fox is personally liable for the payment thereof.

"3. That the said defendant Leander P. Fox pay, or cause to be paid, to the said complainant, or to his solicitors, the sum of three hundred and sixty-five dollars and fifty-eight cents ($365.58), with interest from the date of this decree, together with costs of suit, on or before the first day of November, A. D. 1891, and in default thereof" that the premises be sold, etc.

Defendant Emily J. Fox appeals, and contends—

1. That the terms of the note govern, and consequently the interest is not due or payable until the expiration of five years.

2. That she had no knowledge of and did not consent to the execution of the agreement signed by L. P. Fox.

The papers exchanged constitute one transaction, and must be construed together. The bond expressly provides for the payment of interest according to the terms of the agreement executed by her husband and delivered to complainant, and that agreement expressly provides for the payment annually of a sum equal to 7 per cent.

upon the principal. This agreement is as much a condition of the bond as if it were incorporated into it. The terms of the loan were arranged between complainant and the husband. There were no representations made to the wife by the complainant, and there is no testimony tending to show fraud. She comes now, and says simply that she did not understand that the interest was to be payable annually. She joined with her husband in the execution of the deed, and committed the matter of the conditions of the bond to her husband, and she cannot now be allowed to avail herself of the defeasance, and at the same time repudiate a condition so usual as the annual payment of interest.

The decree is affirmed, with costs to complainant.

MORSE, C. J., LONG and MONTGOMERY, JJ., concurred. GRANT, J., did not sit.